Exhibit B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02351-REB-NYW

KKW TRUCKING, INC.,

    Plaintiff,

v.

CASTELLANO 03 TRUCKING, L.L.C.; and
ROGEL LAZARO AGUILERA-MEDEROS, individually

    Defendants.

_____

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
*8:44 am, Nov 19, 2019*
**JEFFREY P. COLWELL, CLERK**

## AMENDED COMPLAINT AND JURY DEMAND
_____

COMES NOW Plaintiff KKW Trucking, Inc., by and through its attorneys, Hall & Evans, L.L.C., for its Amended Complaint and Jury Demand against Defendants Castellano 03 Trucking, L.L.C. and Rogel Lazaro Aguilera-Mederos, Individually, alleges and states as follows:

### PARTIES AND JURISDICTION

1.     Plaintiff KKW Trucking, Inc. ("KKW") is a corporation created and existing under the laws of the State of California, with its principal place of business in California.

2.     Defendant Castellano 03 Trucking, L.L.C. ("Castellano") is a limited liability company created and existing under the laws of the State of Texas, with its principal place of business in Houston, Texas.

3.     Defendant Castellano has one member, Yaimy Galan, who is, and at all times relevant to this action, was a resident of the State of Texas.

4. Defendant Rogel Lazaro Aguilera-Mederos ("Aguilera-Mederos") is, and at all times relevant to this action, was a resident of the State of Texas.

5. The U.S. District Court for the District of Colorado has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) as there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

6. The tortious conduct that gives rise to these claims occurred in the State of Colorado.

7. Venue is proper in the United States District Court for the District Court of Colorado pursuant to 28 U.S.C. § 1391(a).

## GENERAL ALLEGATIONS

8. Yaimy Galan, located at 9100 Mills Road Apartment 203, Houston, Texas, is the Registered Agent for Defendant Castellano.

9. Defendant Castellano is a licensed motor carrier authorized at all times material to transport property in interstate commerce under U.S. DOT Number 3029296.

10. At all times relevant to this lawsuit, Defendant Castellano was a "motor carrier" as per 49 C.F.R. parts 383, 387, and 390-399 and 49 U.S.C. § 13102(14).

11. At all times relevant to this lawsuit, Defendant Castellano was an "employer" as defined by 49 C.F.R. § 390.5.

12. At all times relevant to this lawsuit, Defendant Aguilera-Mederos was an "employee" of Defendant Castellano as per 49 C.F.R. § 390.5.

13. At the time of the collision that forms the basis of this lawsuit, Defendant Aguilera-Mederos was an employee of Defendant Castellano and was operating a commercial motor vehicle on behalf of Defendant Castellano.

14. On April 25, 2019, Defendant Aguilera-Mederos was acting within the course and scope of his employment with Defendant Castellano while driving on Interstate Highway 70. Defendant Aguilera-Mederos, while operating a commercial motor vehicle owned and maintained by Defendant Castellano, drove the same commercial vehicle in a reckless manner, ultimately colliding with multiple stopped vehicles while traveling at a high rate of speed. The accident made the basis of this lawsuit occurred on Interstate Highway 70 near Denver West Parkway in Lakewood, Colorado.

15. Defendant Aguilera-Mederos was operating Defendant Castellano's tractor-trailer with its knowledge, permission, and consent on April 25, 2019.

16. At all times relevant to this lawsuit, Defendant Aguilera-Mederos was operating a "commercial motor vehicle" in "interstate commerce" under 49 C.F.R. parts 383, 387, and 390-399.

## FACTUAL ALLEGATIONS

17. On April 25, 2019, near milepost 254 on Interstate 70, Defendant Aguilera-Mederos, who was driving for Defendant Castellano, began swerving across all three lanes of traffic while traveling nearly twice the speed limit for commercial vehicles.

18. Defendant Aguilera-Mederos continued to drive down Interstate 70 in a reckless and unreasonable manner, passing underneath a flashing caution sign that identified a runaway truck ramp 2000 feet ahead. Despite having an unobstructed path to the runaway truck ramp,

Defendant Aguilera-Mederos continued down Interstate 70, swerving through all three lanes of traffic and running other motorists off the road.

19. Defendant Aguilera-Mederos rear-ended stopped traffic at over 80 miles per hour on Interstate Highway 70 near Denver West Parkway in Lakewood, Colorado. The crash caused multiple explosions and engulfed Plaintiff KKW's tractor-trailer in fire, totally destroying Plaintiff KKW's tractor-trailer and all of its contents.

20. As a result of the negligence of Defendants, Plaintiff KKW sustained damages that will be proved at trial including, but not limited to, destruction of KKW's tractor-trailer and its contents and loss of use of the tractor-trailer.

## FIRST CLAIM FOR RELIEF
### Negligence (Defendant Aguilera-Mederos)

21. Plaintiff incorporates by reference paragraphs 1 through 20 above.

22. Defendant Aguilera-Mederos was negligent in the operation of Castellano's tractor-trailer by:

    a. Failing to use reasonable care in the operation of the tractor-trailer;

    b. Failing to properly inspect the tractor-trailer's brakes;

    c. Failing to use reasonable care while driving the tractor-trailer through the steep grades of Interstate 70;

    d. Failing to adjust his speed to safely navigate the steep grades of Interstate 70;

    e. Failing to adjust his braking to the steep grades of Interstate 70;

    f. Failing to use runaway truck ramps positioned along Interstate 70 after Aguilera-Mederos knew or reasonably should have known that the tractor-trailer brakes had failed; and

g. Driving at a speed greater than reasonable under existing conditions;

23. As a result of Defendant Aguilera-Mederos's negligence, Plaintiff KKW has sustained damages and losses as outlined above.

## SECOND CLAIM FOR RELIEF
### Negligence *Per Se* (Defendant Aguilera-Mederos)

24. Plaintiff incorporates by reference paragraphs 1 through 23 above.

25. Defendant Aguilera-Mederos was in violation of one or more provisions of Colorado law including, but not limited to, C.R.S. § 42-4-1402, a statute which makes it unlawful to operate a motor vehicle in a careless and imprudent manner.

26. At the time of the crash, C.R.S. § 42-4-1402 was in effect.

27. Defendant Aguilera-Mederos violated C.R.S. § 42-4-1402.

28. The purpose of this and other similar provisions is to prevent against the types of injuries, damages, and losses KKW sustained in this crash.

29. Defendant Aguilera-Mederos's violation of the statute constitutes negligence *per se*.

30. Defendant Aguilera-Mederos's violation of the statute caused the Plaintiff to suffer injuries, damages, and losses as outlined above.

## THIRD CLAIM FOR RELIEF
### Vicarious Liability (Defendant Castellano)

31. Plaintiff incorporates by reference paragraphs 1 through 30 above.

32. At all times relevant, Defendant Aguilera-Mederos was using and operating the tractor trailer for the benefit of, under the supervision of, and in connection with the business of Defendant Castellano.

33. At all times relevant, Defendant Aguilera-Mederos was using and operating the tractor trailer as an agent or employee of Defendant Castellano.

34. Pursuant to the Motor Carrier Safety Regulations as adopted by the State of Colorado, Defendant Castellano is legally responsible for the acts and omissions of Defendant Aguilera-Mederos in connection with the crash.

35. Defendant Aguilera-Mederos was, and is, considered a statutory employee of Defendant Castellano pursuant to Title 49 § 14102 of the United States Code and per 49 C.F.R. § 390.5, rendering Defendant Castellano vicariously liable for all negligent acts and omissions of its employee driver.

36. As a result of its legal relationship and its responsibilities for the acts and omissions of Defendant Aguilera-Mederos, Defendant Castellano is responsible for the damages and losses suffered by the Plaintiff as a result of Defendant Aguilera-Mederos's conduct.

37. As a result of the negligence of Defendant Aguilera-Mederos, the Plaintiff has sustained damages and losses as outlined above.

### FOURTH CLAIM FOR RELIEF
**Negligence, Negligent Entrustment, Hiring, and Supervision (Defendant Castellano)**

38. Plaintiff incorporates by reference paragraphs 1 through 37 above.

39. As a commercial motor carrier operating under federal authority, Defendant Castellano had the duty and responsibility to exercise due care in hiring, training, supervising, and entrusting Aguilera-Mederos with a tractor-trailer.

40. Defendant Castellano entrusted the operation of its tractor-trailer to Defendant Aguilera-Mederos.

41. Defendant Castellano knew or had reason to know that Defendant Aguilera-Mederos was likely to use and operate the tractor trailer in a negligent and careless manner and under the circumstances which would subject third parties to an unreasonable risk of harm.

42. Defendant Castellano was further negligent by:

a. Failing to exercise due care by routing Defendant Aguilera-Mederos through the Interstate 70 corridor despite his lack of training, education, and experience in navigating steep mountain grades;

b. Failing to adequately inspect and maintain the tractor-trailer used by Defendant Aguilera-Mederos;

c. Entrusting Defendant Aguilera-Mederos with an inadequately maintained tractor-trailer;

d. Hiring and/or retaining Defendant Aguilera-Mederos;

e. Failing to instruct, supervise, and control Defendant Aguilera-Mederos;

f. Failing to instruct Defendant Aguilera-Mederos on how to identify and mitigate the loss of braking power from heavy use;

g. Failing to instruct Defendant Aguilera-Mederos on the use of runaway truck ramps;

h. Failing to ensure that Aguilera-Mederos had a strong enough grasp of English to read and understand signage along the interstate; and

i. Failing to ensure that Defendant Aguilera-Mederos was adequately trained and experienced to navigate the steep grades of the Interstate 70 corridor.

43. As a result of the negligence of Defendant Castellano, KKW has suffered damages and losses as outlined above.

**PRAYER FOR RELIEF**

Plaintiff KKW Trucking, Inc. respectfully requests the Court enter judgment in its favor and against Defendants Rogel Lazaro Aguilera-Mederos and Castellano 03 Trucking, L.L.C. and award the following relief:

a. For compensatory economic damages in amounts which will fully compensate Plaintiff KKW for all its damages to be proved at trial;

b. Prejudgment interest beginning from the date of incident;

c. Post judgment interest;

d. For reasonable attorneys' fees and costs of suit herein; and

e. For such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands trial to a jury on all issues so triable.

Dated this 15th day of November 2019.

                                               *s/ Thomas L. Beam*
                                               Thomas L. Beam, Esq.
                                               Brian J. Urankar, Esq.
                                               Hall & Evans, L.L.C.
                                               1001 17th Street, Suite 300
                                               Denver, Colorado 80202
                                               Phone: (303) 628-3300
                                               Fax:    (303) 628-3368
                                               beamt@hallevans.com
                                               urankarb@hallevans.com
                                               Attorneys for Plaintiff